Curia, per JohnstoN, Ch.
It appears to have come out in evidence, at the hearing, (and, so far as we can see, without objection to the evidence,) that the plaintiffs had obtained an assignment of the mortgage after the filing of their bill. The court was precluded from giving effect to the case thus made out, because it transcended the statements of the bill.
The Chancellor, speaking of the case thus presented, says it was not “a part of the case, made by the bill, and cannot properly be considered. It might be within the discretion of the court, if justice and convenience required it, to retain the bill and give leave to amend. But I am satisfied,” he continues, “such a bill could never be sustained. It is plain that this does not come within the class of cases in which a bill is held to lie for the specific delivery of a slave : it is plain that if complainants have, the legal right, their remedy is by action of trover at law.”
These observations show, that, if the Chancellor had been of the opinion, that the legal title, superadded to the equities of the plaintiffs, could have countervailed the defendant’s plea of innocent purchase, and that this case came within the principle of Young vs. Burton, McM. Eq. 255, he would have given leave to make the amendment indicated by him.
We are of opinion, that this is one of the cases calling for a specific delivery. The case, in my judgment, is much stronger than Young vs. Burton. A portion of the court, in that case, doubted whether a decree should be made for the delivery of specific slaves, unless the bill stated the peculiar circumstances imparting a particular value to the property, or set forth the particular purposes which rendered its delivery necessary. It was held, however, by a majority of the Judges, that wherever the plaintiff stated a case in which the defendant was in possession of his slave, he stated a case entitling himself to the interposition of this court, unless, indeed, the defendant, by the exhibition of an equity on his part superior to that of the plaintiff, could turn him over to his legal remedy.
Although one of the dissenting Judges in that case, I should not, even then, have doubted the authority or duty of the court *14 to interpose in such a case as this. The plaintiffs, since their assignment, stand as mortgagees of a chattel, out of which, specifically, their debt is to be paid. The defendant, as purchaser of the mortgaged property, is entitled to redeem; and, if the property should be subjected to the mortgage, he is also entitled to whatever of the proceeds of sale may remain, after the mortgage debt is satisfied. The plaintiffs’ case, therefore, is one for the foreclosure of their mortgage ; and it is not perceived how an. action of trover, even if one lay, would furnish them their appropriate remedy.
We think, therefore, the plaintiffs should have leave to amend: but this should be granted upon payment of the costs of the amendment.
In granting this leave, we purposely abstain from expressing any opinion upon the judgment which should be given in the case, as it will then stand. But we conceive that it will not be improper to indicate that one part of the bill, as it was originally framed, and stood at the hearing, and which seems to have escaped the Chancellor’s attention, deserves to be maturely considered : and it is that part which charges that -the defendant, (supposing him to have had no notice of the mortgage when he bought,) yet that coming to a knowledge of it afterwards, he removed the property, which a view to defeat its lien and to destroy those interests which the plaintiffs had in its enforcement. It may be, that such a case may fall within the principle of Pickett vs. Pickett, 2 Hill Ch. 470, or some analagous principle.
It is ordered that the decree be set aside; that the cause be remanded to the circuit court; and that the plaintiffs have leave to amend the bill upon payment of the costs of their amendment.
Johnson and Dunkin, CC. concurred.
Harper, Ch. absent.